UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LE MARR S. TALLEY, *
*
Plaintiff, *
* Civil Action No. 21-30107-MGM
*
v. *
*
*
LINDA TYER, et al., *
*
Defendants. *

MEMORANDUM AND ORDER

February 2, 2022

MASTROIANNI, U.S.D.J.

For the reasons set forth below, the court grants Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) and denies Plaintiff's Motion to Amend (Dkt. No. 5), Motion to Proceed (Dkt. No. 6), and Motion to Amend Civil Cover Sheet and Complaint (Dkt. No. 8). If Plaintiff wishes to proceed with this action, the court grants him time to file an amended complaint that sets forth a plausible claim upon which relief may be granted.

## I. RELEVANT BACKGROUND

Le Marr S. Talley, a resident of Pittsfield, Massachusetts, filed a *pro se* complaint against a dozen defendants that include the current and former mayors of Pittsfield, the police chief for the Pittsfield Police Department, the former Massachusetts Attorney General, the former Berkshire County District Attorney, several assistant district attorneys and attorneys general, a former Amherst drug lab chemist, and the former Commissioner of the Massachusetts Department of Correction. (Dkt. No. 1 ("Compl.") at ¶ I). As best can be gleaned from the *pro se* pleadings, this

case arises out of claims that defendant Sonja Farak, a chemist for the Amherst drug lab, falsified tests of drugs seized from Mr. Talley. Mr. Talley entered several guilty pleas to narcotics charges including a 2013 guilty plea that was entered just weeks before the arraignment of defendant Farak on various charges related to her work at the Amherst drug lab. In connection with these incidents, Plaintiff alleges that he was denied his constitutional rights by various public officials including police, prosecutors, and political leaders.

The complaint alleges jurisdiction pursuant to both state and federal law including 42 U.S.C. § 1983. (Compl. at ¶ II.) The pleadings recount Plaintiff's several narcotics convictions from 2004 - 2010, the assignment of the narcotics samples to chemist Sonya Farak at the Amherst drug lab, Plaintiff's incarceration at state prisons and county houses of correction as well as Plaintiff's unsuccessful efforts to challenge alleged police and prosecutorial misconduct. Plaintiff seeks $3,500,000 in damages and states that he "was incarcerated by various hinded [*sic*] plea agreements, under color of law by Commonwealth of Massachusetts employees and agents resulting in compensation of a total of 2,712 days of incarceration." (Compl. at ¶ II(B)(3).)

With the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Dkt No. 2, Motion for Leave). Less than two weeks after filing his complaint, Plaintiff filed motions to proceed and to amend the complaint to clarify his claims and to correct the list of defendants to 27. (Dkt No. 5, Motion to Amend; Dkt. No. 6, Motion to Proceed). Plaintiff also filed a Memorandum of Law (Dkt. No. 7), a Motion to Amend Civil Cover Sheet and Complaint (Dkt. No. 8), and a Motion to Reopen and Consolidate (Dkt. No. 9). By Electronic Order dated January 24, 2022, Plaintiff's Motion to Reopen and Consolidate was denied. (Dkt. No. 10).

## II. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of Plaintiff's Motion for Leave, the court concludes that he is without income or assets to pay the filing fee. The motion is therefore granted.

## III. Screening of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the court reviews the complaint pursuant to 28 U.S.C. § 1915. This statute requires federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In assessing the sufficiency of the complaint, "an inquiring court must first separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016) (citing *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). The court must then "determine whether the well-pleaded facts, taken in their entirety, permit 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citations omitted). The general rules of pleading require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48-49 (1st Cir. 2009) (citing *Twombly*, 550 U.S. at 555). However, "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is

open to dismissal." *Sec. and Exch. Comm'n v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 555).

In conducting this review of the complaint, a *pro se* plaintiff is entitled to a liberal reading of his allegations, even when such allegations are inartfully pled. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). A *pro se* litigant's obligation to comply with the Federal Rules of Civil Procedure includes the requirement that a complaint complies with the "'short and plain statement' requirement." *See Koplow v. Watson*, 751 F. Supp.2d 317, 321 (D. Mass. 2010) (dismissing *pro se* complaint for failing to comply with Rule 8).

## IV. DISCUSSION

Although Plaintiff's complaint is understandable, the complaint is subject to dismissal because it does not comport substantially with the pleading requirements of the Federal Rules of Civil Procedure. In the complaint, Plaintiff generally references several federal and state statutes including provisions of the United States Constitution which he believes the defendants have violated, but he provides little factual detail as to what rights have been infringed, how they were infringed, and who infringed them. The affidavit that accompanies the complaint is simply a brief listing of certain events that are presented in chronological order. Plaintiff names dozens of defendants throughout his several pleadings which in addition to the complaint include a Motion to Amend (Dkt. No. 5) that primarily is a list of 27 defendants; a Motion to Proceed (Dkt. No 6), that is a 10-page narrative in the form of a time line; and a Memorandum of Law (Dkt. No. 7) that is 40 pages and accompanied by more than 1,300 pages of exhibits. All of these pleadings fail to comply with basic pleading requirements as there are no counts, barely any paragraphs and mainly a narrative with requested relief.

With respect to Plaintiff's Motions to Amend and to Proceed (Dkt. Nos. 5, 6), under Federal Rule of Civil Procedure 15(a)(1)(B) a party may amend his complaint as a matter of course (*i.e.*,

without seeking leave of court) within 21 days after serving the original complaint, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Here, Plaintiff is not required to seek leave of court to amend his complaint. However, Plaintiff has not attached a proposed amended complaint to the Motion to Amend and the court will not attempt to construe such motion as a properly filed amended complaint.

In addition to the basic pleading requirement deficiencies, the court observes potential substantive deficiencies including the fact that Mr. Talley's claims against the defendants appear time-barred. "The Supreme Court directs federal courts adjudicating civil rights claims under 42 U.S.C. § 1983 to borrow the statute of limitations applicable to personal injury actions under the law of the forum state." *Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991) (per curiam). The applicable statute of limitations is M.G.L. c. 260 § 2A, which provides for a three-year statute of limitations. *Id.* Federal law provides that a Section 1983 claim accrues when a plaintiff knew or should have known of his injury. *See Cao v. Puerto Rico*, 525 F.3d 112, 115 (1st Cir. 2008). Plaintiff's claims appear to have arisen more than three years prior to the filing of this lawsuit. Also, many of the claims are repetitive of the claims asserted in Plaintiff's earlier cases. *See Talley v City of Pittsfield,* C.A. No. 12-30133-MAP (closed May 2, 2013); *Talley v. Berkshire County House of Correction,* C.A. No. 12-30138-MAP (closed Sept. 11, 2013); *Talley v. Hampden County House of Corrections*, C.A. No. 13-30012-MGM (closed Aug. 7, 2014). To the extent Plaintiff is attempting to relitigate claims that were raised in these earlier cases, if not time-barred, such claims may be subject to dismissal pursuant to the doctrine of *res judicata*.

**V. PLAINTIFF MAY FILE AN AMENDED COMPLAINT**

In light of the foregoing, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), unless Plaintiff files an amended complaint which cures the pleading deficiencies and sets forth a

plausible claim upon which relief may be granted. An amended complaint must clearly identify the claims and relief he seeks and must provide sufficient factual bases for each of the elements of the claims that he asserts.

Any amended complaint must comply with the basic pleading requirements of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3).

Similarly, Rule 10 requires that a plaintiff identify all of the defendants in the caption of the complaint, that he state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that if "doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(a) and (b). In essence, an amended complaint must succinctly set forth as to each defendant what the plaintiff claims he or she did (or failed to do), where it occurred, when it occurred, and the relief the plaintiff seeks as to each defendant. Put another way, an amended complaint must clearly identify the claims and relief Mr. Talley seeks as to each defendant and provide sufficient factual bases for each of the elements of the claims that he asserts.

Plaintiff is advised that Rule 18(a) of the Federal Rules of Civil Procedure permits him "to bring multiple claims against a defendant in a single action . . . it does not permit the joinder of unrelated claims against different defendants." *Chase v. Chafee*, No. 11-cv-586, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), report and recommendation adopted by 2011 WL 6826629 (D.R.I. Dec. 28, 2011) (cleaned up). Instead, Rule 20 of the Federal Rules of Civil Procedure provides that separate defendants "may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Because an amended complaint completely replaces the original complaint, and is a stand-alone document, Plaintiff should repeat in his amended complaint any allegations that he wishes to be part of the operative complaint. *See Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). Any amended complaint will be further screened pursuant to 28 U.S.C. § 1915(e)(2)(B).

## VI. CONCLUSION

For the reasons set forth above,

1. Plaintiff's Motion for Leave (Dkt. No. 2) to proceed *in forma pauperis* is ALLOWED.

2. Plaintiff's Motion to Amend (Dkt. No. 5), Motion to Proceed (Dkt. No. 6), and Motion to Amend Civil Cover Sheet and Complaint (Dkt. No. 8) are DENIED.

3. The complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). If Plaintiff wishes to proceed in this matter, he must file an amended complaint curing the pleading deficiencies and setting forth a plausible claim upon which relief may be granted. Failure to comply with this directive within thirty-five (35) days of the date of this Memorandum and Order may result in dismissal of this action.

It is So Ordered.

MARK G. MASTROIANNI
United States District Judge