UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LE MARR S. TALLEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 21-30107-MGM |
| | * | |
| v. | * | |
| | * | |
| | * | |
| LINDA TYER, et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

January 3, 2023

MASTROIANNI, U.S.D.J.

For the reasons set forth below, Plaintiff's Amended Complaint (Dkt. No. 16) is dismissed

upon initial screening. Further, the court denies Plaintiff's Motion for Hearing (Dkt. No. 18) as moot

and denies the Motion for Recusal of Magistrate Judge Robertson (Dkt. No. 12).

## I. RELEVANT BACKGROUND

Le Marr S. Talley has filed an amended *pro se* complaint against nearly two dozen defendants

that include the current and former mayors of Pittsfield, the police chief for the Pittsfield Police

Department, the former Massachusetts Attorney General, the former Berkshire County District

Attorney, several assistant district attorneys and attorneys general, a former Amherst drug lab

chemist, the former Commissioner of the Massachusetts Department of Correction, several cities

and police departments, the Commonwealth of Massachusetts, and several other individuals. (Dkt.

No. 16 ("Am. Compl.") at 1). As best can be gleaned from the *pro se* pleadings, this case arises out

of claims that defendant Sonja Farak, a chemist for the Amherst drug lab, falsified tests of drugs

seized from Mr. Talley. Mr. Talley entered several guilty pleas to narcotics charges including a 2013 guilty plea that was entered just weeks before the arraignment of defendant Farak on various charges related to her work at the Amherst drug lab. In connection with these incidents, Plaintiff alleges that he was denied his constitutional rights by various public officials including police, prosecutors, and political leaders. Plaintiff also alleges his constitutional rights were violated by correctional facilities while he was incarcerated.

The complaint asserts claims pursuant to both state and federal law including 42 U.S.C. § 1983. (Am. Compl. at 1). The pleadings recount Plaintiff's several narcotics convictions from 2004 - 2015, the assignment of the narcotics samples to chemist Sonya Farak at the Amherst drug lab, Plaintiff's incarceration at state prisons and county houses of correction as well as Plaintiff's unsuccessful efforts to challenge alleged police and prosecutorial misconduct. Plaintiff also discusses his efforts to meet with certain Defendants to address the Farak scandal and request reparations. Plaintiff seeks $3,500,000 in compensatory damages and $1,500,00 in punitive damages and states that, as a result of the Defendants' conduct, he "has been sentenced to over 2,700 days of incarceration" and was subject to mail interference and retaliatory misclassification by the Department of Corrections while incarcerated. (Am. Compl. at 29, 30).

On February 2, 2022, the court granted Plaintiff's motion for leave to proceed *in forma pauperis* and dismissed his initial complaint for failure to comply with basic pleading requirements. (Dkt No. 13 at 2). Plaintiff filed his amended complaint on March 8, 2022, along with a motion requesting a hearing. (Dkt. No 16; Am. Compl.; Dkt. No. 18, Motion for Hearing). Plaintiff has also filed a motion seeking the recusal of the district court clerk's office staff and Magistrate Judge Katherine A. Robertson. (Dkt. No. 12).

## II. SCREENING OF THE COMPLAINT

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the court reviews the complaint pursuant to 28 U.S.C. § 1915. This statute requires federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In assessing the sufficiency of the complaint, "an inquiring court must first separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016) (citing *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). The court must then "determine whether the well-pleaded facts, taken in their entirety, permit 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citations omitted). The general rules of pleading require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48-49 (1st Cir. 2009) (citing *Twombly*, 550 U.S. at 555). In conducting this review of the complaint, a *pro se* plaintiff is entitled to a liberal reading of his allegations, even when such allegations are inartfully pled. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). However, "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove

the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Sec. and Exch. Comm'n v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

Upon review, the court finds Plaintiff's complaint is subject to dismissal for several reasons. First, with respect to his initial complaint, Plaintiff was cautioned that while Rule 18(a) of the Federal Rules of Civil Procedure permits him "to bring multiple claims against a defendant in a single action . . . it does not permit the joinder of unrelated claims against different defendants." *Chase v. Chafee*, No. 11-cv-586, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011) (citation and quotation marks omitted), *report and recommendation adopted by* 2011 WL 6826629 (D.R.I. Dec. 28, 2011). Instead, Rule 20 of the Federal Rules of Civil Procedure provides that separate defendants only "may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Plaintiff's Amended Complaint violates this cardinal rule. Plaintiff names approximately two dozen defendants and appears to assert several unrelated claims arising from separate matters (e.g., the Farak scandal pertaining to some of Plaintiff's state court convictions and the mishandling of legal mail by various correctional facilities in Massachusetts).

Second, there are several substantive deficiencies, including the fact that Plaintiff's claims appear to be time-barred. In the First Circuit, "'a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous' under [§ 1915(e)(2)]." *Callahan v. Henry*, No. 14-cv-13162, 2015 WL 5305228, at *6 (D. Mass. Sept. 9, 2015) (quoting *Johnson v. Rodriguez*, 943 F.2d 104, 107 (1st Cir. 1991)). "The Supreme Court directs federal courts adjudicating civil rights claims under 42 U.S.C. § 1983 to borrow the statute of limitations applicable to personal injury actions under the law of the forum state." *Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991) (per

curiam). The applicable statute of limitations is M.G.L. c. 260 § 2A, which provides for a three-year statute of limitations. *Id.* Federal law provides that a Section 1983 claim accrues when a plaintiff knew or should have known of his injury. *See Cao v. Puerto Rico*, 525 F.3d 112, 115 (1st Cir. 2008). Insofar as the court is able to discern from the amended complaint, Plaintiff asserts claims for wrongful confinement and due process violations relating to his underlying state court convictions tainted by the Farak scandal from 2004 to 2015, unreasonable search and seizure leading to his 2012 arrest and conviction, and interference with legal mail while incarcerated at the Hampden and Berkshire County correctional facilities from 2011 to December 2013. Thus, Plaintiff's claims appear to have arisen more than three years prior to the filing of this lawsuit and are therefore time-barred.[1]

Additionally, as the court noted in its previous order, many of the claims are repetitive of the claims asserted in Plaintiff's earlier cases. *See Talley v City of Pittsfield,* C.A. No. 12-30133-MAP (closed May 2, 2013); *Talley v. Berkshire County House of Correction,* C.A. No. 12-30138-MAP (closed Sept. 11, 2013); *Talley v. Hampden County House of Corrections*, C.A. No. 13-30012-MGM (closed Aug. 7, 2014). To the extent Plaintiff is attempting to relitigate claims that were raised in these earlier cases, such claims may be further subject to dismissal pursuant to the doctrine of *res judicata.*

Finally, Plaintiff's claims for money damages against the State of Massachusetts and state officials sued in their official capacities must be dismissed because § 1983 claims for money damages cannot be asserted against the State, its agencies, or its officials acting in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their

---

[1] To the extent that *Heck v. Humphrey*, 512 U.S. 477 (1994), controls accrual of Plaintiff's causes of action related to the Farak scandal, the court concludes Plaintiff's claims would nevertheless remain time-barred. In *Heck*, the Supreme Court held that, in a § 1983 suit for damages, the court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 486–87. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489–90. Here, examination of the exhibits submitted by Plaintiff in connection with his initial complaint reveals that all of Plaintiff's affected convictions were dismissed in 2017 or early 2018, more than three years before this action was commenced. (Dkt. No. 7-17).

official capacities are 'persons' under § 1983."). Moreover, many of the defendants enjoy sovereign immunity under the Eleventh Amendment, which bars suits against states and state agencies. *See Provost v. Mass. Dep't of Corr.*, 284 F. Supp. 3d 117, 123 (D. Mass. 2018) (citing *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 (1st Cir. 2009)) (states and their agencies, including the Massachusetts Department of Corrections, are immune from suit under Eleventh Amendment); *Murphy v. Baker*, No. 17-cv-30021, 2019 WL 1437825, at *3 (D. Mass. Mar. 29, 2019) (explaining that, despite their municipal titles, certain county correctional facilities are state agencies for purposes of Eleventh Amendment immunity because 1998 legislation transferred "functions, duties and responsibilities" previously assigned to the counties, including Berkshire and Hampden counties and "including operation and management of the county jails and houses or correction," to the Commonwealth (quoting Mass. Gen. Laws ch. 34B §§ 1, 4)); *O'Connell v. Gross*, No. 19-cv-11654, 2020 WL 1821832, at *4 (D. Mass. Apr. 10, 2020) (state Attorney General's Office is state agency, protected by Eleventh Amendment);   *Miller v. City of Boston*, 297 F. Supp. 2d 361, 368–69 (D. Mass. 2003) (district attorney's offices in Massachusetts are state agencies protected by Eleventh Amendment); *Tierney v. Town of Framingham*, 292 F. Supp. 3d 534, 541–42 (D. Mass. 2018) (same); *Madison v. Cruz*, 393 F. Supp. 3d 135, 138 (D. Mass. 2019) (official capacity claims against district attorney barred by Eleventh Amendment); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (The Eleventh Amendment bar on adjudicating suits against states in federal court "remains in effect when State officials are sued for damages in their official capacity.").[2]

### IV. MOTION FOR RECUSAL

By separate motion, Plaintiff seeks the recusal of Magistrate Judge Robertson and the District Court Clerk's Office staff. (Dkt. No. 12). By federal statute, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or where the judge has a

---

[2] Without conducting an in-depth analysis, the court notes that some defendants may also be protected by prosecutorial immunity.

personal bias or prejudice against a party. 28 U.S.C. § 455(a); 28 U.S.C. § 144. The well-established standard for recusal of a judge is "whether an objective, reasonable member of the public, fully informed of all the relevant facts, would fairly question the trial judge's impartiality." *In re United States*, 441 F.3d 44, 56–57 (1st Cir. 2006) (internal quotation marks omitted); *see also United States v. Kelley*, 712 F.2d 884, 889 (1st Cir. 1983). In other words, unsupported speculation regarding bias or partiality is insufficient to warrant judicial recusal. Likewise, "[d]issatisfaction with a judicial decision is not a basis for recusal." *Silva v. Rhode Island*, C.A. No. 19-568, 2021 WL 4712902, at *2 (D.R.I. June 14, 2021); *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

"Unlike judges, an employee of the clerk's office is not subject to recusal pursuant to §§ 455 and 144." *Hall v. Del Toro*, No. 18-cv-355, 2022 WL 17039223, at *1 (D.R.I. Nov. 17, 2022) (noting that §§ 455 and 144 refer only to "judge[s]"). However, the Code of Conduct for Judicial Employees instructs employees to "avoid conflicts of interest, which arise when an employee is 'so personally or financially affected by a matter that a reasonable person with knowledge of the relevant facts would question the judicial employee's ability properly to perform official duties in an impartial manner.'" *Id.* (quoting 2 Guide to Judicial Policy, Pt. A, ch. 3, § 320 Canon 3 F(1)).

Plaintiff seeks Magistrate Judge Robertson's recusal based solely on his disagreement with her order denying his request to reopen and consolidate three prior actions that were each dismissed over eight years ago. But as noted, the mere fact that a judge has ruled against a litigant is not evidence of bias and does not mandate recusal. In any case, because the amended complaint is being dismissed, there are currently no other pending matters before the court in this case which would require consideration by the magistrate judge. With respect to the Clerk's Office staff, Plaintiff alleges failure to properly list all defendants on the docket sheet and "discouragement" during phone calls. Plaintiff

does not allege any facts indicating the Clerk's Office staff are "personally or financially affected" by this action. Accordingly, recusal is not warranted.

## V. CONCLUSION

For the reasons set forth above, the amended complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's Motion for Recusal (Dkt. No. 12) is denied, and Plaintiff's Motion for Hearing (Dkt. No. 18) is denied as moot.

It is So Ordered.

  /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge